PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:   (951) 276-6990
Facsimile:    (951) 276-6973
Email:         Abram.S.Feuerstein@usdoj.gov

FILED & ENTERED

MAR 14 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>EDUVINA JUANITA PAREDES LEON,<br><br>　　　　Debtor. | Case No. 6:18-bk-10336-MH<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE WITH A RE-FILING BAR**<br><br>Date:　March 7, 2018<br>Time:　11:00 a.m.<br>Place:　United States Bankruptcy Court<br>　　　　Courtroom 303<br>　　　　3420 Twelfth Street<br>　　　　Riverside, CA |

-1-

The Court held a hearing on March 7, 2018, at 11:00 a.m., on the *Motion by the United States Trustee to Dismiss Case with a Re-filing Bar* [docket number 8] ("Motion"), filed on February 1, 2018, by Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee").

Mohammad Tehrani, Esq., appeared on behalf of the U.S. Trustee. Other parties, if any, are as stated on the record.

Based upon the papers submitted in support of the Motion, the absence of any opposition, for the reasons stated on the record and in the attached tentative ruling, which the Court adopts as its final ruling, notice appearing proper and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted; and

2. The debtor, Eduvina Juanita Paredes Leon, is prohibited from filing another bankruptcy case for one year from the date of entry of this order.

###

Date: March 14, 2018

Mark Houle
United States Bankruptcy Judge

# United States Bankruptcy Court
# Central District of California
## Riverside
## Judge Mark Houle, Presiding
## Courtroom 303 Calendar

**Wednesday, March 7, 2018**                                                                 **Hearing Room    303**

<u>11:00 AM</u>
**6:18-10336**    **Eduvina Juanita Paredes Leon**                                          **Chapter 7**

   **#7.00**    Motion to Dismiss Case for Abuse and Dismiss Case with Re-Filing Bar

         EH__

                        Docket    8

**Tentative Ruling:**

   <u>3/7/18</u>

   **BACKGROUND**

On January 17, 2018, Eduvina Leon ("Debtor") filed a Chapter 7 voluntary petition. Debtor had previously filed two bankruptcies in the previous eighteen months, both of which were quickly dismissed. On February 1, 2018, UST filed a motion to dismiss case with a re-filing bar.

   **DISCUSSION**

      *I.*    *Dismissal*

11 U.S.C. § 707(b)(1) permits the Court to dismiss a Chapter 7 case for abuse. 11 U.S.C. § 707(b)(3)(A) states:

      (3) In considering under paragraph (1) whether the granting of relief would be
      an abuse of the provisions of this chapter in a case in which the presumption in

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, March 7, 2018**                                                                                              Hearing Room    303

11:00 AM
CONT...        **Eduvina Juanita Paredes Leon**                                                                                Chapter 7
paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider –

(A) whether the debtor filed the petition in bad faith

In determining whether a case should be dismissed under § 707(b)(3)(A), the Court considers the totality of the circumstances, but is ultimately instructed to consider whether "the debtor's intention in filing a bankruptcy petition is inconsistent with the Chapter 7 goals of providing a 'fresh start' to debtors and maximizing the return to creditors." *In re Mitchell*, 357 B.R. 142, 154-55 (Bankr. C.D. Cal. 2006) (listing factors to be considered in making that determination).

The majority of the *Mitchell* factors are inapplicable when, as here, a debtor files a skeletal petition that does not provide the Court with sufficient information to apply the *Mitchell* test. Only factor seven (history of bankruptcy filings) and, possibly, factor nine (egregious behavior) can be assessed when a debtor files a skeletal petition. Both those factors weigh in favor of dismissal when, as here, a debtor repeatedly files skeletal petitions during a short period of time, and does not disclose previous filings. While § 707(a)(1) and (3) provide for dismissal when a debtor fails to fulfill his duties under the Bankruptcy Code, when a debtor repeatedly filed bankruptcy and fails to evince any attempt to comply with the filing requirements, it can be inferred, absent any indication to the contrary, that the debtor's purpose in filing bankruptcy is not to take advantage of the fresh start. *See, e.g.*, *In re Craighead*, 377 B.R. 648, 655 (Bankr. N.D. Cal. 2007) ("Courts generally hold that when a debtor repeatedly files bankruptcy petitions and then repeatedly fails to file schedules or to comply with other requirements, this pattern of behavior is evidence of bad faith and an attempt to abuse the system."). Dismissal under § 707(b)(3) is appropriate in those circumstances.

II.        *Re-Filing Bar*

The court is empowered to impose a refiling bar under 11 U.S.C. § 349(a). As

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, March 7, 2018**                                                                 **Hearing Room    303**

11:00 AM
**CONT...        Eduvina Juanita Paredes Leon**                                                                 **Chapter 7**

COLLIER notes, courts' analysis of this section is somewhat confused due to confounding "dismissal with prejudice" with "dismissal with injunction against future filings." COLLIER ON BANKRUPTCY ¶ 349.02[3]; *compare In re Garcia*, 479 B.R. 488 (Bankr. N.D. Ind. 2012) (denying motion for dismissal with prejudice, but imposing three-year refiling bar) *with In re Craighead*, 377 B.R. 648 (Bankr. N.D. Cal. 2007) (appearing to equate dismissal with prejudice with an injunction against refiling).

There is also a circuit split concerning whether an injunction on refiling for more than 180 days is allowed under the Bankruptcy Code. *Compare In re Frieouf*, 938 F.2d 1099 (10th Cir. 1991) (180 days is maximum allowed length of refiling injunction) *with Casse v. Key Bank Nat. Ass'n*, 198 F.3d 327 (2nd Cir. 1999) (injunction against filing for more than 180 days permissible). 11 U.S.C. § 349(a) reads:

> Unless, the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

The disagreement revolves around whether the qualifier "Unless, the court, for cause, orders otherwise" modifies the content after the semi-colon. *In re Leavitt* noted this disagreement, but since the court was dealing with a dismissal with prejudice, rather than an injunction against refiling, it did not resolve the issue. 209 B.R. 935, 942 (9th Cir. B.A.P. 1997). Within the Ninth Circuit, it appears the trend is to adopt the reasoning of the Second Circuit and allow injunctions for more than 180 days. *See e.g. In re Velasques*, 2012 WL 8255582 at *3 (Bankr. E.D. Cal. 2012).

Here, Debtor has filed four skeletal bankruptcies in the previous two years and failed to disclose the previous filings. As noted above, the Court has determined that Debtor's behavior is sufficient to warrant dismissal for bad faith and the Court finds the requested one year refiling bar to be appropriate.

Moreover, Debtor's failure to oppose is deemed consent to the relief requested pursuant to Local Rule 9013-1(h).

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, March 7, 2018**                                                                 **Hearing Room   303**

**11:00 AM**
**CONT...**    **Eduvina Juanita Paredes Leon**                                               **Chapter 7**

**TENTATIVE RULING**

The Court is inclined to GRANT the motion.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

   Eduvina Juanita Paredes Leon                Pro Se

**Movant(s):**

   United States Trustee (RS)                  Represented By
                                                Abram Feuerstein esq

**Trustee(s):**

   Arturo Cisneros (TR)                        Pro Se